# Exhibit A

Filing # 188118689 E-Filed 12/15/2023 11:58:47 AM

IN THE COUNTY COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION

Naisha Callaway,

     *Plaintiff,*

     v.

Clarity Services, Inc.

     *Defendant.*

Case No: _____

**JURY TRIAL DEMANDED**

## COMPLAINT AND JURY TRIAL DEMAND

COMES NOW the Plaintiff, **Naisha Callaway ("Ms. Callaway")**, by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, **Clarity Services, Inc. ("Clarity")** stating as follows:

## PRELIMINARY STATEMENT

1.    This is an action brought by Ms. Callaway against the Defendant for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

## JURISDICTION AND VENUE

2.    Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and § 34.01, Fla. Stat.

3.    The Defendant is subject to the jurisdiction of this Court pursuant to § 48.193(1)(a)(1), Fla. Stat.

4.    Venue is proper in Polk County because the acts complained of were committed and/or caused by Defendant within Polk County.

## PARTIES

### Ms. Callaway

5.    **Ms. Callaway** is a natural person residing in the City of Lakeland, Polk County, Florida.

6.    Ms. Callaway is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Clarity

7.    **Clarity** is a Delaware corporation, with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

8.    Clarity is registered to conduct business as a foreign corporation in the State of Florida, where its Registered Agent is **CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 32301.**

9.    Clarity is a nationwide *Consumer Reporting Agency* ("**CRA**") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

### FACTUAL ALLEGATIONS

### Clarity Reports Single Loan As 2 Duplicate Tradelines

10.    On or around June 2, 2023, Ms. Callaway obtained her consumer disclosure from Clarity.

11.    Clarity, in its consumer report provided to Ms. Callaway, indicated that Ms. Callaway had *two* loans with outstanding balances, even though a cursory examination of the data would have quickly revealed that the tradeline data was duplicated and only one loan existed.

12.     Clarity reported that the duplicate loans were opened on the same day – December 27, 2022 - and were for the same amount - $3,350. **SEE PLAINTIFF'S EXHIBIT A.**

13.     The first loan indicated it had an account number ending in 3482 and that the company making the loan was "TAB Bank/NetCredit," and $2,503 was currently owed, with payments up-to-date and had been last updated May 1, 2023. (**"First Tradeline"**). *Id.*

14.     The second loan indicated it had an account number also ending in 3482, with a loan amount of $3,350, but indicated that the company making the loan was "NetCredit." (**"Second Tradeline"**). *Id.*

15.     "TAB Bank/NetCredit" and "NetCredit" both refer to the same lender, NetCredit, an online lender operating from www.netcredit.com and owned by the publicly-traded company Enova International, Inc. ("Enova").

16.     Purportedly NetCredit makes loans in Florida though a "bank partnership" agreement with TAB Bank, a tiny, single-branch bank based in Utah whose primary revenues stem from "bank partnership" programs like with one it has with Enova.

17.     Such partnerships are often referred to as "rent-a-bank" schemes since non-bank entities like Enova essentially control the entire operation, and simply "rent" a small bank's name and status as a Utah-chartered bank in exchange for a small percentage of revenue.

18.     Enova and TAB Bank have been sued under anti-racketeering laws hundreds of times nationwide, in which consumers allege the two entities constitute a racketeering enterprise designed to facilitate usury and evasion of state-level anti-loansharking statues, including Florida's.

19.     One such lawsuit was brought by the Attorney General of Virginia; see *Attorney General Herring Alleges Illegal Predatory Loans In Suit Against One of Virginia's Largest Online Lenders*, Press Release, May 4, 2018.

20.     TAB Bank contributes almost nothing to the operation of NetCredit other than the use of its bank charter.

21.     Frequently, Clarity's automated systems duplicate tradelines which are reported as having "two" creditors, like "TAB Bank/NetCredit" in the instant matter. See, e.g., *LaBronx Mention vs. Clarity Services, Inc.*, M.D. Fla., case 8:23-cv-00655-TPB-JSS, February 2023 (payday loan reported by "Vivus Servicing/North Cash" duplicated by Clarity to also report under "North Cash" simultaneously).

22.     Because of its duplicative reporting, reports Clarity sold to other lenders claimed there was an aggregate $5,139 debt owed to NetCredit, even though Ms. Callaway did not obtain two loans from NetCredit and had a balance, as of June 2023, of less than $2,500.

23.     Further, Ms. Callaway's debt-to-income ratios were artificially inflated because her reports indicated $980 per month of payments owed, when her obligation was $378.

24.     Clarity included this duplicate account information in at least 35 reports it sold concerning Ms. Callaway in 2023.

25.     Clarity knew or should have known that the tradelines are duplicates since Clarity conducts extensive due-diligence on new subscribers and furnishers of information.

26.     Clarity knew, or should have known, from its own internal records that both "TAB Bank/NetCredit" and "NetCredit" relate to the same entity since Clarity charges fees to obtain credit reports on consumers as well as furnish information about consumers.

27.    The fact that Clarity accepted clearly-duplicate reports from a source of data which, even in a light most favorable to Clarity, originated from a less-than-reputable source demonstrates Clarity's lack of regard for compliance with its obligations under the FCRA.

28.    The FCRA is clear in its requirement that Clarity, as a CRA, is required to prepare accurate reports:

> Accuracy of Report.    Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. *15 U.S.C. §1681e(b).*

29.    Clarity was required to follow reasonable procedures to assure maximum possible accuracy of the information concerning Ms. Callaway.

30.    Clarity was thus aware that when it sold reports on Ms. Callaway in from January 2023 onward, that, under a best-case scenario, it was selling reports containing data which clearly and obviously originated from the same data furnisher and concerned the same loan, and that the failures in Clarity's automated systems were not limited to Plaintiff but adversely affected what is likely hundreds of thousands of consumers nationwide.

31.    Clarity failed to ensure maximum possible accuracy when it reported information with "obvious logical inconsistencies." Fed. Trade Comm'n, *40 Years of Experience with the Fair Credit Reporting Act: An FTC Staff Report with Summary of Interpretations* 52 (2011) ("A CRA must maintain procedures to avoid reporting information with obvious logical inconsistencies, such as a credit account opened when the consumer was known to be a minor.").

32.    Due to numerous systemic issues with Clarity's software or other systems-maintenance issues, this duplicate-reporting issue remained unaddressed for years; Clarity is clearly aware of the issues, brought to its attention from consumer disputes as well as litigation

over the matter, but Clarity has elected not to invest the time or resources into actually fixing the problem.

33.    Thus, Clarity has no reasonable procedures in place to prevent obvious duplicate accounts from appearing throughout a consumer's credit history.

34.    Clarity's failure to implement almost any kind of systems or procedures designed to ensure accurate information about a consumer is obvious when reviewing Ms. Callaway's Clarity disclosure.

35.    For example, Clarity states that on July 17, 2018 at 3:37:14 p.m., she had lived at her current address for 24 months. Yet, 65 seconds later, at 3:38:19 p.m., it reported she had lived at her current address for 12 months.

36.    In other words, when Clarity receives wildly disparate data about a consumer – like the length of residency varying by 12 months, reported in the span one minute – it simply includes both pieces of information, without any attribution as to source or why both datapoints are included in a report.

37.    Clarity's procedures and policies regarding duplicate tradelines leave consumers like Ms. Callaway worried, fearful and anxious that entities or persons who access her Clarity credit file will see these additional tradelines and reject their application due to the inaccurately-inflated debt-to-income ratio.

38.    Disclosing inaccurate information to third-party businesses is also sufficient to establish a concrete injury. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2212-13 (2021).

39.    As a result of the Defendant's actions, Ms. Callaway has suffered damages, including lost financial opportunities, loss of credit, lower credit scores, significant emotional distress and aggravation, and damage to her reputation.

40.    Ms. Callaway has hired the aforementioned law firm to represent her in this matter and has assigned the firm her right to fees and costs.

## COUNT I
## WILLFUL VIOLATIONS OF 15 U.S.C. § 1681e(b)

41.    Ms. Callaway adopts and incorporates paragraphs 1 – 40 as if fully stated herein.

42.    Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports regarding Ms. Callaway when Clarity furnished at least 44 reports containing both the First and Second tradelines, when both tradelines represented the same underlying account.

43.    Clarity's errant reporting was the result of automated systems which do not flag obviously-duplicate accounts.

44.    Clarity has been sued on numerous occasions for reporting duplicate tradelines and knows that its systems fail to identify such information.

45.    Clarity's conduct was willful, or done with a reckless disregard for Ms. Callaway's rights under the FCRA, and Ms. Callaway is entitled to the greater of his actual damages or statutory damages per violation pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Ms. Callaway respectfully requests this Honorable Court enter judgment against Clarity for:

a.    The greater of statutory damages of **$1,000** per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A) or 15 U.S.C. § 1681o(a)(1) or Ms. Callaway's actual damages for loss of credit opportunities and related economic and non-economic injuries;

b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3); and,

c.    Such other relief that this Court deems just and proper.

## COUNT II
## NEGLIGENT VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681g
### Plead in the Alternative to Count I

46.    Ms. Callaway adopts and incorporates paragraphs 1 – 40 as if fully stated herein.

47.    Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports regarding Ms. Callaway when Clarity furnished at least 44 reports containing both the First and Second tradelines, when both tradelines represented the same underlying account.

48.    Clarity's errant reporting was the result of automated systems which do not flag obviously-duplicate accounts.

49.    Clarity has been sued on numerous occasions for reporting duplicate tradelines and knows that its systems fail to identify such information.

50.    Clarity was negligent in that it knew its systems frequently duplicated tradeline data, and that such errors could easily cause harm to Plaintiff, but failed to correct them.

51.    Clarity's conduct was the result of negligence, and Ms. Callaway is entitled to actual damages pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Ms. Callaway respectfully requests this Honorable Court enter judgment against Clarity for:

a.    Ms. Callaway's actual damages for loss of credit opportunities and related economic and non-economic injuries pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3); and,

c.    Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on December 15, 2023, by:

**SERAPH LEGAL, P.A.**

*/s/ Christian E. Cok*
Christian E. Cok, Esq.
Florida Bar No.: 1032167
CCok@SeraphLegal.com
Tel: 813-567-1230 (ext. 307)
*Lead Attorney for Plaintiff, Naisha Callaway*

*/s/ Bryan J. Geiger*
Bryan J. Geiger, Esq.
Florida Bar No.: 118103
BGeiger@SeraphLegal.com
2124 W Kennedy Blvd., Suite A,
Tampa, FL 33606
Tel: 813-567-1230
Fax: 855-500-0705
*Attorney for Plaintiff,
Naisha Callaway*

## ATTACHED EXHIBIT LIST

A    Plaintiff's Clarity Consumer Disclosure, June 2, 2023 – Excerpts

# EXHIBIT A
## Plaintiff's Clarity Report, June 2, 2023 – Excerpt

### Clarity Report for CALLAWAY, NAISHA

**6/2/2023**

### Consumer

Name
CALLAWAY, NAISHA

Address

### Notices

Enclosed is a copy of your Clarity Credit Report and/or Clarity Credit Score, a "Summary of Your Rights Under the Fair Credit Reporting Act", and any applicable state rights for you. Below you can find links to help you read and understand this document.

If you wish to dispute information contained in your report, please call us to explain your dispute. You may also provide additional documentation to support your dispute, but it is not required. If you requested your Clarity Credit Report, but not your Clarity Credit Score, you may request and obtain a Clarity Credit Score.

OFAC score and flag values are derived from information maintained by the Office of Foreign Assets Control, a division of the U.S. Department of Treasury. Social Security Pre-Randomization and Deceased values are derived from information maintained by the Social Security Administration.

The latest information on how to read your Clarity consumer file disclosure can be found at:

https://consumersupport.clarityservices.com/how_to_read_report

The latest information on how to read your Clarity Credit Score can be found at:

https://consumersupport.clarityservices.com/how_to_read_score

Disclaimer: This consumer report may contain personally identifiable information, and may be used only in accordance with all regulatory guidelines.
©2009 - 2023 Clarity Services Inc. All Rights Reserved.

# EXHIBIT A
## Plaintiff's Clarity Report, June 2, 2023 – Excerpt

**Accounts**

Account #1

Consumer

Name:

Address:

Bank Routing Number:                                    Bank Account Number:

Phone Number:

Current



Page 2 of 13

# EXHIBIT A
## Plaintiff's Clarity Report, June 2, 2023 – Excerpt

**Account #2**

**Consumer**

| | | | |
|---|---|---|---|
| **Name:** | CALLAWAY, NAISHA | **Date of Birth:** | ▮▮▮▮ |
| **Address:** | ▮▮▮▮▮▮▮▮▮▮ | | |
| **Bank Routing Number:** | ▮▮▮▮▮▮ | **Bank Account Number:** | |
| **Phone Number:** | ▮▮▮▮ | | |

**Current**

| | | | |
|---|---|---|---|
| **Account #:** | XXXXXXXXXXX3482 | **Company:** | TAB Bank / NetCredit |
| **Account Type:** | Line of Credit | **Credit Limit:** | $3,350 |
| **Ownership:** | Individual | **Current Loan Amount:** | $2,774 |
| **Number of Payments:** | Line of Credit | **Current Balance:** | $2,503 |
| **Payment Frequency:** | Biweekly Only | **Past Due:** | $0 |
| **Open Date:** | 12/27/2022 | **Actual Payment:** | $378 |
| **First Due Date:** | | **Next Payment Amount:** | $378 |
| **Last Update Date:** | 5/1/2023 | **Status:** | Current |
| **Delinquency Date:** | | **Closed Date:** | |
| **Payment History:** | 0------- | **Closed Status:** | |
| **Comment:** | | | |
| **Consumer Dispute:** | | | |

**Historical**

| | | | |
|---|---|---|---|
| **Original Account Type:** | Line of Credit | **Original Loan Amount:** | $2,774 |
| **First Payment Date:** | 4/28/2023 | **First On-Time Payment Date:** | 4/28/2023 |
| **Last Payment Date:** | 4/28/2023 | **Last On-Time Payment Date:** | 4/28/2023 |
| **Total Late Payments:** | 0 | **Collections (#):** | 0 |
| **Amount of Late Payments:** | $0 | **Total Collections:** | $0 |
| **Total Days Late:** | 0 | **Days in Collections:** | 0 |
| **Longest Late Payment:** | 0 | **Last Collection Date:** | |
| **Charged Off Date:** | | **Worst Payment Status:** | Current |
| **Charge Off Amount:** | | **First Closed Date:** | |

# EXHIBIT A
## Plaintiff's Clarity Report, June 2, 2023 – Excerpt



Account #3

Consumer

| | |
|---|---|
| **Name:** CALLAWAY, NAISHA | **Date of Birth:** ▮▮▮▮▮ |
| **Address:** ▮▮▮▮▮▮▮▮▮▮▮▮ | |
| **Bank Routing Number:** | **Bank Account Number:** |
| **Phone Number:** ▮▮▮▮▮ | |

Current

| | | | |
|---|---|---|---|
| **Account #:** | XXXXXXXXXX3482 | **Company:** | NetCredit |
| **Account Type:** | Line of Credit | **Credit Limit:** | $3,350 |
| **Ownership:** | Individual | **Current Loan Amount:** | $2,774 |
| **Number of Payments:** | Line of Credit | **Current Balance:** | $2,636 |
| **Payment Frequency:** | Biweekly Only | **Past Due:** | $0 |
| **Open Date:** | 12/27/2022 | **Actual Payment:** | $602 |
| **First Due Date:** | | **Next Payment Amount:** | $602 |
| **Last Update Date:** | 4/1/2023 | **Status:** | Current |
| **Delinquency Date:** | | **Closed Date:** | |
| **Payment History:** | | **Closed Status:** | |
| **Comment:** | | | |
| **Consumer Dispute:** | | | |

Historical

| | | | |
|---|---|---|---|
| **Original Account Type:** | Line of Credit | **Original Loan Amount:** | $2,550 |
| **First Payment Date:** | 1/20/2023 | **First On-Time Payment Date:** | 1/20/2023 |
| **Last Payment Date:** | 3/31/2023 | **Last On-Time Payment Date:** | 3/31/2023 |
| **Total Late Payments:** | 0 | **Collections (#):** | 0 |
| **Amount of Late Payments:** | $0 | **Total Collections:** | $0 |
| **Total Days Late:** | 0 | **Days in Collections:** | 0 |
| **Longest Late Payment:** | 0 | **Last Collection Date:** | |
| **Charged Off Date:** | | **Worst Payment Status:** | Current |
| **Charge Off Amount:** | | **First Closed Date:** | |

Page 4 of 13